UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CLAIRE MURPHY, as Personal Representative
of the Estate of Bradley Peterson, Deceased,**

    Plaintiff,

vs.                                        No. 12 CV 943 JAP/KBM

**RALPH TRUJILLO,
KIMBERLY SOLESBEE a/k/a
KIMBERLY SOLESHEE,
JO LOFTIS,
GOVERNMENTAL EMPLOYEES
INSURANCE COMPANY d/b/a GEICO,
STATE FARM FIRE AND CASUALTY COMPANY
d/b/a STATE FARM,**

    Defendants.

## MEMORANDUM ORDER AND OPINION

In DEFENDANT GEICO'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27) (Motion), Governmental Employees Insurance Company d/b/a GEICO (GEICO) asks the Court to dismiss all claims asserted against it in the COMPLAINT FOR NEGLIGENCE, WRONGFUL DEATH, UNFAIR TRADE PRACTICES, UNFAIR INSURANCE PRACTICES,

1

BAD FAITH AND PUNITIVE DAMAGES (Doc. No. 1).[1]  GEICO has presented uncontroverted evidence that the policy of insurance issued to Defendant Kimberly Solesbee a/k/a Kimberly Soleshee (Solesbee) was cancelled prior to the accident that led to Plaintiff's claims.  Therefore, the Motion will be granted and all claims against GEICO will be dismissed.

   I. Summary Judgment Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.  *Applied Genetics Intl, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).  The party seeking summary judgment bears the initial burden of "show[ing] that there is an absence of evidence to support the nonmoving party's case."  *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991) (internal quotation marks omitted).  Once the movant meets this burden, Rule 56 requires the non-moving party to designate specific facts showing that there is a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

---

[1] On August 19, 2013, the Court entered an ORDER (Doc. No. 39) granting in part the relief requested in PLAINTIFF'S RULE 56(D) RESPONSE TO DEFENDANT GEICO'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY (DOCUMENT NO. 27) (Doc. No. 31).  In the ORDER, the Court allowed Plaintiff additional time to take the deposition of Ms. Solesbee and to file a response to the Motion.  Under the ORDER, Plaintiff was required to take Ms. Solesbee's deposition by November 20, 2013, and Plaintiff was required to file a response to the Motion within fourteen days after receiving a transcript of Ms. Solesbee's deposition.  If Plaintiff did not depose Ms. Solesbee by November 20, 2013, Plaintiff was required to respond to the Motion by December 5, 2013.  As of December 5, 2013, Plaintiff had not filed a response.  Nor has Plaintiff moved to extend the deadlines imposed in the ORDER.  Under Local Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion."  D.N.M. LR-Civ. 7.1(b).  Therefore, the Court may grant the Motion under this rule.  However, the Court will also grant the Motion on the merits.

II. Factual Background[2]

On March 3, 2012, Bradley Peterson was killed in an automobile accident. (Compl. ¶ 7.) The accident occurred at the intersection of Eubank and Indian School in Albuquerque, New Mexico when a vehicle owned by Solesbee and driven by Defendant Ralph Trujillo (Trujillo) struck a vehicle driven by Defendant Jo Loftis (Loftis). (*Id.* ¶ 5.) Bradley Peterson was a passenger in Loftis' vehicle. (*Id.*) Plaintiff contends that GEICO issued an automobile insurance policy to Solesbee and that coverage is owed to Solesbee under the GEICO policy. (*Id.* ¶ 6.)

GEICO issued to Solesbee Policy No. 4246834081 (GEICO Policy) covering her 2006 Kia Spectra (VIN KNAFE121565347324) with bodily injury liability limits of $25,000 per person and $50,000 per accident. (Mot. Ex. A Solesbee Aff. ¶ 3; Mot. Ex. B Declarations Page 1.)

In mid-January 2012, Solesbee requested through the GEICO web site cancellation of the GEICO Policy because she was not satisfied with the premium rate. (*Id.* ¶ 4.) A computer screen shot of Expanded Transaction Summary Data, attached to the Motion as Exhibit D, indicates that Solesbee's GEICO Policy was cancelled effective January 14, 2012. (*See* Mot. Ex. D; Ex. E Ruben Garay Aff. ¶ 10.) As part of the cancellation, GEICO ended the recurring credit card payments on Solesbee's GEICO Policy and waived all future premium payments. (Ex. C Screen Shot of Transaction Summary Detail/Sub-Detail; Ex. D; Garay Aff. ¶ 12.) After January 14, 2012, no more premium payments were charged to Solesbee's account. (*Id.*)

III. Discussion

Plaintiff alleges that GEICO "failed and refused to produce any evidence that Defendant Solesbee did, in fact, request revocation of her automobile policy. They have failed and refused

---

[2] The facts presented are based on undisputed factual recitations in the Complaint and on the uncontroverted evidence presented with the Motion.

to produce any evidence that they sent any notification to Defendant Solesbee that her auto policy had been cancelled before the accident." (Compl. ¶ 20.) Plaintiff contends, "[t]he Geico (sic) Defendants' (sic) conduct . . . violates the provisions of the New Mexico Unfair Trade Practices Act (§§57-12-1 to 12-26 NMSA 1978), the Unfair Practices provisions of the New Mexico Insurance Code (§§59A016-1 to -30 NMSA 1978), and the established public policy of the State of New Mexico. (*Id.* ¶ 21.) Consequently, "Plaintiff is entitled to a declaration that their (sic) attempts to void the automobile coverage available for the collision in question is void. . . ." (*Id.* ¶ 22.)

GEICO asserts that Solesbee properly canceled her GEICO Policy in mid-January and thus, the GEICO Policy was not in force on March 3, 2012 to provide coverage for Solesbee's liability related to the collision. GEICO maintains that the GEICO Policy, particularly the cancellation provisions, complied with all applicable New Mexico statutes and regulations. Therefore, the Court should grant summary judgment in favor of GEICO and dismiss all claims against GEICO.

NMSA 1978 § 59A-18-29 (1984) sets forth the requirements for an insurer to effect cancellation.  Contrary to Plaintiff's assertions, this section does not require an insurer to notify an insured when the insured initiates cancellation. For example, under NMSA 1978 § 59-18-29 (A), an insurer must give the insured written notice 10 days prior to cancellation for nonpayment of a premium.  And, under § 59-18-29 (B), an insurer may cancel a policy without cause at any time within sixty days following the original issuance and effective date of the policy, but the insurer must give the insured written notice 10 days prior to cancellation. New Mexico statutes do not purport to place restrictions on an insured's right to cancel an insurance policy.  Likewise,

regulations issued by the New Mexico Department of Insurance elaborate on the requirements for insurers to cancel policies, but do not address cancellations by insureds.

In New Mexico "[i]t is well settled that, absent a statute to the contrary, 'insurance contracts are construed by the same principles which govern the interpretation of all contracts.'" *Rummel v. Lexington Ins. Co.*, 1997-NMSC-41, ¶ 18, 123 N.M. 752, 945 P.2d 970 (quoting 2 Lee R. Russ & Thomas F. Segalla, *Couch on Insurance 3D* § 21:1 (1996)). Thus, when the policy language is clear and unambiguous, courts must enforce it as written. *Ponder v. State Farm Mut. Auto. Ins. Co.*, 2000-NMSC-033, ¶ 11, 129 N.M. 698, 12 P.2d 960. The GEICO Policy contains this language:

> CANCELLATION BY THE *INSURED*
> **You** may cancel this policy by providing notice to us stating when, after the notice, cancellation will be effective. If this policy is canceled, **you** may be entitled to a premium refund. The premium refund, if any, will be computed according to our manuals.

(GEICO Policy Mot. Ex. F at p. 15.)

The GEICO Policy unambiguously allowed Solesbee, the insured, to effect cancellation as she did. Thus, at the time of the accident, the GEICO Policy covering Solesbee's vehicle was not in force, and GEICO has no duty to cover Solesbee's liability, if any, related to the March 3, 2012 accident.

IT IS ORDERED that DEFENDANT GEICO'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 27) is granted. A separate summary judgment will be entered.

*/s/ James A. Parker*
SENIOR UNITED STATES DISTRICT JUDGE